# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORETTA J. PHILLIPS, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CIV-09-289-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
|       **Defendant.** | ) |

## OPINION AND ORDER

The claimant Loretta J. Phillips requests review of the Commissioner of the Social Security Administration's denial of benefits pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the Commissioner's decision is REVERSED and the case is REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on May 5, 1963 and was forty-five years old at the time of the administrative hearing (Tr. 89). She has a ninth grade education and no past relevant work experience (Tr. 119). The claimant alleges that she has been unable to work since June 1, 2004 because of anxiety, Grave's disease, anti-social personality disorder, thyroid problems and obesity (Tr. 115).

**Procedural History**

The claimant applied for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on October 4, 2006. Her application was denied. ALJ Deborah Rose conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated March 10, 2009. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She found the claimant had the residual functional capacity (RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), *i. e.*, she could lift/carry 10 pounds frequently and stand/walk/sit for six hours in an eight-hour workday, but she could climb, balance, stoop, kneel, crawl and crouch only occasionally and perform only simple tasks with occasional interaction

with the general public (Tr. 19). The ALJ concluded the claimant was not disabled because there was work existing in significant numbers that she could perform, *i. e.*, hand packer, laundry presser, interoffice mail clerk, and sorter (Tr. 22).

**Review**

The claimant contends that the ALJ erred by improperly evaluating her credibility. The Court finds that the ALJ *did* fail to properly evaluate the claimant's credibility, and the decision of the Commissioner must therefore be reversed.

The claimant received most of her medical treatment from Dr. Janet Cheek, D.O. at the W.W. Hastings Indian Hospital. In January 2005, she presented with complaints of anxiety and a worsening of her tremors (Tr. 251). In August 2006, the claimant presented complaining of pain and numbness in her lower extremities (Tr. 165). At this time, her tremors were worse, and she was experiencing increased anxiety because her son was leaving for college (Tr. 169). In early 2007, the claimant related that her right knee "pops in and out when walking" (Tr. 294), and in December of that year, she reported more back and leg pain, headaches, and tremors (Tr. 494). All throughout 2008, the claimant sought regular treatment for myalgias, tremors, anxiety, back pain, and Grave's disease (Tr. 438, 439, 442, 449, 452). Furthermore, Dr. Daniel Pablo treated the claimant on numerous occasions for "painful varicose veins" (Tr. 221, 223, 224, 225, 228, 230, 237).

The claimant's anxiety was documented throughout the medical evidence (Tr. 177, 187, 188, 190, 194, 200, 229, 256). Dr. Melinda A. Shaver, Psy.D. performed a mental status examination and found that the claimant suffered from generalized anxiety disorder

(Tr. 324). Dr. Shaver noted that she appeared "unkempt," walked with a slight limp and exhibited a neutral mood and flat affect (Tr. 321). The claimant stated that her husband had passed away in 1989 and she stayed at home to care for her children once she became a mother (Tr. 321). The claimant also reported that her concentration, which had always been bad, worsened since suffering from recent mini-strokes (Tr. 322). Dr. Shaver noted that the claimant "had difficulty finding words and it often took her awhile to remember answers to questions that she was asked" (Tr. 323) and seemed confused, that her remote memory was not good, her recent memory was poor, and her "intelligence appeared to be below average" (Tr. 323). Dr. Shaver assigned the claimant a Global Assessment of Functioning ("GAF") score of 50 (Tr. 324). Reviewing psychologist Dr. Cynthia Kampschaefer, Psy.D. found that the claimant was markedly limited in her ability to understand, remember, and carry out detailed instructions, and in her ability to interact appropriately with the general public (Tr. 340-41).

The claimant's function report notes that she does not drive because of her hand tremors (Tr. 105), that she has difficulty maintaining concentration (Tr. 106) and that she has problems maintaining stability because of her legs (Tr. 105). The Social Security Administration interviewer who spoke with claimant regarding her disability application noted that she had problems with understanding, coherency, concentration, talking and answering (Tr. 112). Further, the claimant testified at the administrative hearing that she has problems with her right knee, which sometimes pops out of place and causes her to

fall (Tr. 32). She also testified that she has problems with her memory (Tr. 33), and that she has tremors that "come and go" but sometimes last all day (Tr. 30-31).

Deference must be given to a credibility determination absent some indication the ALJ misread the medical evidence taken as a whole. *See Casias v. Secretary of Health & Human Services,* 933 F.2d 799, 801 (10th Cir. 1991). But findings as to the claimant's credibility "'should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995), *quoting Huston v. Bowen,* 838 F.2d 1125, 1133 (10th Cir. 1988). The credibility analysis "must contain specific reasons for a credibility finding; the ALJ may not simply recite the factors that are described in the regulations." *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4.

The ALJ discussed the claimant's testimony about her symptoms in considerable detail but concluded she "was not a very credible witness" (Tr. 19). The ALJ explained:

> She was vague in her descriptions of symptoms. She repeatedly referred to symptoms that do not correlate with the objective findings in the medical records. Also, her lack of a work history indicates a lack of desire to hold a job. Medical reports indicate that Ms. Phillips hand tremors are controlled by medications (Exhibit 14F). Her vision is actually only slightly reduced and she has demonstrated having full visual fields (Exhibit 15F). Field vision findings on repeated examinations point to only a mild degree of thyroid ophthamopathy (Exhibit 16F, p. 64).

(Tr. 19) [citations omitted]. This analysis of the claimant's credibility was erroneous for several reasons. First, the comment that the claimant was vague in describing symptoms was itself vague, *i. e.*, the ALJ provided no examples of such vagueness. Review of the

record certainly does not reveal any vaguely described symptoms.  Second, the comment that the claimant's symptoms were not objectively verifiable was simply not a legitimate reason for dismissing her credibility under the Commissioner's own regulations.  *See* 20 C.F.R. § 416.929(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements.").  *See also Swanson v. Barnhart,* 190 Fed. Appx. 655, 657-58 (10th Cir. 2006) ("Objective verifiability is not the standard we have settled upon for credibility issues.").  *But see Wall v. Astrue,* 561 F.3d 1048, 1070-71 (10th Cir. 2009) (no error in commenting that claimant's subjective complaints were objectively unverifiable where the ALJ otherwise properly determined credibility).  Third, the comment that the claimant's lack of work history indicated that she had no desire to work is unsupported; the ALJ did not, for example, discuss whether the claimant made any efforts to find a job.  Finally, although the ALJ *did* make specific references to the medical record with regard to the claimant's subjective complaints about tremors and vision problems, he made no such references with respect to her other subjective complaints.  It is thus not clear why he found those complaints unbelievable.

Because the ALJ failed to perform a proper credibility analysis, the decision of the Commissioner must be reversed and the case remanded for further analysis by the ALJ.  On remand, the ALJ should properly analyze the claimant's credibility and determine if her subjective complaints affect her RFC.  If such analysis results in adjustments to the

claimant's RFC, the ALJ should then re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied, and the Commissioner's decision is not supported by substantial evidence. Consequently, the decision of the Commissioner is hereby REVERSED and the case hereby REMANDED for further proceedings consistent herewith.

**DATED** this 30th day of September, 2010.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**